### KEMPER v HELM et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 9045. Decided March 18, 1929

Boer, Arnold & Tobias, Cleveland, for Kemper.
Bernon, Mulligan, Keeley & LeFever, Cleveland, for Helm et.

VICKERY, J.

Without going into the question as to whether the whole law is constitutional or not, for one might well say that the power to limit the right of persons to contract might well be questioned, if the legislature in its hurry or otherwise in passing a law which required the real estate dealers to have a license before they could operate and then failed to provide the machinery whereby they could get a license, and no license of any kind could be obtained, so that no person could recover compensation for selling real estate notwithstanding his contract, because he did not have a license when none was procurable, nor was a commission appointed which was the sole source of issuing licenses, I say, it would put our law in a strange situation indeed.

The legislature makes a condition which prevents a man from carrying on his trade without complying with that condition, and then does not provide the means, or neglects to provide the means whereby he can comply with the condition. The legislature by its own act made it impossible for the plaintiff or any other real estate man to comply with the conditions of the law. Therefore, the law was ineffectual and without force at the time when this act was performed and the commission earned.

We think the court erred in sustaining this demurrer, and the case will be reversed for the reason that the court sustained this demurrer when it should have been overruled; and be remanded to the Common Pleas Court with directions to overrule the demurrer.

Sullivan and Levine, JJ, concur.